UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-1330-KK-SHKx** | Date: | July 17, 2025 |
| Title: | *Kevin Realworldfare et al. v. Tamara Lucile Wagner et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiffs' Motion for Injunctive Relief [Dkt. 12]

## I.
## INTRODUCTION

On May 30, 2025, plaintiffs Kevin Realworldfare ("Realworldfare") and Corey Walker ("Walker") (collectively, "Plaintiffs"), appearing pro se, initiated the instant action against defendants Tamara Wagner, Kai Fan, and Does (collectively, "Defendants"), alleging various federal and state law claims arising from an unlawful detainer action in Riverside County Superior Court. ECF Docket No. ("Dkt.") 1, Complaint ("Compl."). On the same day, Plaintiffs filed an Ex Parte Application for a Temporary Restraining Order ("First Application") against Defendants. Dkt. 3.

On June 9, 2025, the Court denied Plaintiffs' First Application. Dkt. 10. On the same day, Plaintiffs filed the instant Emergency Motion for Equitable Possessory Restoration, Injunctive Relief and to Enjoin State Enforcement under Federal Jurisdiction seeking "immediate restoration of full and peaceful possession of the [property in dispute]", injunction "prohibiting Defendants . . . from any further interference, trespass, or adverse action with respect to the [property in dispute]", "[a]n immediate stay and nullification of all state courts writs, judgments, and enforcement actions", and "recognition and preservation of federal jurisdiction[.]" Dkt. 12, Motion ("Mot."). Plaintiffs seek materially identical injunctive relief as in their First Application, which the Court previously denied. Id. In support of the Motion, Plaintiffs filed a memorandum of points and authorities, dkt. 13, affidavits of Plaintiffs, dkts. 14-16, notice of factual clarification, dkt. 18, and exhibits, dkt. 21.

///

## II.
## APPLICABLE LAW

A motion to reconsider "is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Feltzs v. Cox Commc'ns Cal., LLC, 562 F. Supp. 3d 535, 539 (C.D. Cal. 2021) (internal quotation marks omitted). "A district court may reconsider its prior rulings so long as it retains jurisdiction over the case." United States v. Smith, 389 F.3d 944, 948 (9th Cir. 2004) (citing City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 888 (9th Cir. 2001)). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Santa Monica Baykeeper, 254 F.3d at 889; see also id. at 888 (noting the law of the case doctrine "is discretionary, not mandatory and is in no way a limit on [a court's] power . . . to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order") (internal quotation marks omitted).

Federal Rule of Civil Procedure 60(b) provides a court may relieve a party from any prior order or decision for a number of reasons including, but not limited to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered with reasonable diligence; and (3) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (6). However, motions to reconsider are governed by a district's local rules. In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig., 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013) ("Motions for reconsideration are governed by the Local Rules of this district."). In this District, Local Rule 7-18 limits reconsideration to only three enumerated grounds: "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." Additionally, the parties shall not "in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." L.R. 7-18. A court should grant a motion to reconsider "where it has failed to fully address a party's arguments on an issue that is important to a decision." Brown v. DirecTV, LLC, No. CV-13-01170-DMG-Ex, 2014 WL 12772076, at *2 (C.D. Cal. Dec. 11, 2014) (quoting Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 979 (C.D. Cal. 2004)).

## III.
## ANALYSIS

As an initial matter, because Plaintiffs seek materially identical injunctive relief as in their First Application, which the Court previously denied, the Court construes the instant Motion as a motion for reconsideration.

Here, Plaintiffs fail to demonstrate any grounds warranting reconsideration of the Court's prior denial of their First Application. As the Court discussed in its June 9, 2025 Order, the Court lacks authority to enjoin Plaintiffs' unlawful detainer proceeding in the state court. Dkt. 10. Further, because defendant Wagner is a Riverside County Superior Court Commissioner with absolute immunity for her acts related to the judicial process and Plaintiffs' claims against defendant Wagner clearly relate to her judicial duties, Plaintiffs are unlikely to succeed on the merits. Id. While Plaintiffs have submitted additional documents in support of the instant Motion, including a notice

of factual clarification, affidavits, and exhibits, these materials do not identify any material difference in fact or law that could not have been known to Plaintiffs at the time the June 9, 2025 Order was entered.[1] Nor do Plaintiffs point to new material facts or a change in the law occurring after the Court's June 9, 2025 Order.  Additionally, Plaintiffs have not made a manifest showing that the Court failed to consider material facts previously presented.  Accordingly, Plaintiffs have not established any valid basis for reconsideration, and the Motion must be denied.  See Sanai v. McDonnell, No. 2:18 CV 05663-SVW-AGR, 2018 WL 8731933, at *2 (C.D. Cal. July 11, 2018) (denying the plaintiff's motion to reconsider the denial of a TRO because the plaintiff failed to make a showing on the merits sufficiently compelling to justify issuing a TRO).

In light of the foregoing, Plaintiffs' Motion for Injunctive Relief is **DENIED**.

**IT IS SO ORDERED**.

---

[1] Further, Plaintiffs' arguments in the notice of factual clarification that (1) federal courts have exclusive jurisdiction upon removal; (2) defendant Wagner acted without jurisdiction and is therefore not entitled to judicial immunity; (3) federal courts possess the authority to enjoin unlawful state actions; (4) the state court proceedings were void and thus cannot be relied upon; and (5) federal oversight is required to correct jurisdictional errors, dkt. 18, are entirely without merit and misconstrue the law.