1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

8   KEVIN REALWORLDFARE,          Case No. 5:25-cv-01330-KK-SSC
9   *et al.*,
10                      Plaintiffs,
11          v.                     REPORT AND
                                   RECOMMENDATION OF
12  TAMARA LUCILE WAGNER,          UNITED STATES MAGISTRATE
13  *et al.*,                      JUDGE
14                      Defendants.
15
16

17      The Court submits this Report and Recommendation to the

18  Honorable Kenly Kiya Kato, United States District Judge, pursuant to

19  28 U.S.C. § 636 and General Order 05-07 of the United States District

20  Court for the Central District of California.

21                          **REPORT**

22      *Pro se* Plaintiffs Kevin Realworldfare and Corey Walker filed a

23  complaint against Defendants Kai Fan, the Hon. Tamara L. Wagner,

24  and Does, alleging various federal and state law claims.  Improperly

25  buried within the 400-page complaint was a proof of service asserting

26  that Defendants were served the day before the summonses were issued

27  by the Court.  The Court ordered Plaintiffs to show why the case should

28  not be dismissed for failure to effectuate service on Defendants.

1    Plaintiffs then filed three documents composing nearly 400 pages, none

2    of which demonstrated that they had perfected service on Defendants as

3    ordered nor cause for the failure.  Accordingly, the Court recommends

4    that (1) this action be dismissed without prejudice pursuant to Rules

5    41(b) and 4(m) of the Federal Rules of Civil Procedure for Plaintiffs'

6    failure to prosecute and comply with court orders and to perfect timely

7    service on Defendants, and (2) all pending motions in this case be

8    denied as moot.

9                                     **I**

10    On May 30, 2025, Plaintiffs, appearing without legal counsel, filed

11    a 400-page complaint, including all exhibits and attachments, against

12    Defendants alleging various federal and state law claims.  (ECF 1.)

13    Summonses were issued the same day.  (ECF 5.)  Plaintiffs included a

14    proof of service at pages 48–49 of their complaint indicating, in relevant

15    part, that summonses were served on Defendants on May 29, 2025.

16    (ECF 1 at 48–49.)  Defendants have not appeared in this action.

17    Plaintiffs have filed numerous notices, affidavits, and motions in

18    this action, some of which are still pending, including a motion seeking

19    default against Defendants.  (ECF 34, 35, 37, 40, 42, 43, 50, 51.)

20    On August 25, 2025, the Court issued an Order to Show Cause

21    (OSC) why the case should not be dismissed for failure to perfect service

22    on Defendants.  (ECF 52.)  The Court observed that Plaintiffs' "proof of

23    service indicates that the summons was served on Defendants on May

24    29, 2025, which is one day before the summons was issued on May 30,

25    2025."  (*Id.* at 3.)  The Court noted that "[i]t is unclear how Plaintiffs

26    served the summons on Defendants the day *before* it was issued by the

27    Court[]" and, therefore, "it is not clear on the record before the Court

28    that Plaintiffs have served the summons on Defendants as the

applicable rules of civil procedure require." (*Id.*) The Court added that Plaintiffs also "imbedded their proof of service over 350 pages from the end of their complaint, in violation of Local Rule 5-3.1.2 of the Court's Local Civil Rules[,]" which states that "[i]f the proof of service declaration is attached to the original document, it must be attached as the last page(s) of the document." (*Id.* at 2–3) (quoting Local Rule 5-3.1.2 of the Court's Local Civil Rules).

Plaintiffs were "**cautioned that if they fail to file a timely response to the order as directed above, the action will be subject to dismissal without prejudice for failure to prosecute and obey Court orders pursuant to Rule 41 of the Federal Rules of Civil Procedure.**" (*Id.* at 3) (emphasis in original). Plaintiffs were ordered to "strictly adhere to all applicable rules of civil procedure when filing documents with the Court." (*Id.*)

In response to the OSC, on August 27, 2025, Plaintiffs filed three documents, including: (1) a 17-page Supplemental Notice of Perfected Service (Supplemental Notice); (2) an 11-page Demand to Produce an Article III Judge (Judge Demand); and (3) a 344-page Demand to Strike the Fraudulent OSC (Strike Demand). (ECF 53–55.) Plaintiffs did not explain how they served the summonses on Defendants the day before they were issued in any of the three filings and, instead, set forth the following arguments.

First, in their Supplemental Notice, Plaintiffs asserted that "[t]his matter is brought in equity" and, thus, "[a]ll statutory jurisdiction is expressly denied and rebutted."[1] (ECF 53 at 1.) Plaintiffs "demand adjudication according to the facts, truth, common law, and applicable

---

[1] Capitalization and punctuation of all quoted material normalized unless otherwise noted.

equity principles." (*Id.* at 2.)  Plaintiffs attached to their Supplemental Notice a "verified declaration of due diligence of William Sera" (Sera Declaration) "concerning service of summons and complaint," which, Plaintiffs assert, "obliterates any fabricated claim of 'failure to serve' and proves that Defendants were duly noticed, waived formal service, and now stand in default." (*Id.* at 3.)  Plaintiffs assert that "[t]he due diligence declaration now confirms repeated in-person attempts, direct contact with Defendant Kai Fan, and his willful refusal to accept legal documents." (*Id.*)

The Sera Declaration attached to the Supplemental Notice lists various attempts that were reportedly made to serve Defendant Fan with documents "in two cases: one from the California Court in Riverside and a second from the United States District Court of California" between June 8, 2025, and June 28, 2025, and notes that Mr. Sera had "exhausted all the tools in the trade to trace and serve Mr. Fan." (*Id.* at 13–17.)  The cases referenced are vague and it is not clear that the instant action was even the subject of those service attempts. The Sera Declaration is also silent with respect to any service efforts made on Defendant Wagner.

Plaintiffs also assert in their Supplemental Notice that "[t]his case record already establishes sworn, unrebutted verified affidavits (Exhibits E–H) memorializing Defendants' waiver of service by USPS and/or electronic means."[2] (*Id.* at 3.)  Plaintiffs conclude that "[t]he record admits of no ambiguity and forecloses all argument: service is perfected at law, in equity, and by binding contract[,]" and that "[t]o

---

[2] Plaintiffs did not attach Exhibits E–H to their Supplemental Notice.  Rather, the only exhibit attached to Plaintiffs' Supplemental Notice is Exhibit BB, which contains the Sera Declaration.

persist in the manufactured lie of 'failure to serve' is not adjudication; it is willful fraud on the court, collusion with dishonored parties, and the continuation of a simulated legal process under color of law." (*Id.* at 6.)

Next, in their Judge Demand, Plaintiffs repeat that "[t]his matter is brought in equity," and, thus, "[a]ll statutory jurisdiction is expressly denied and rebutted." (ECF 54 at 1.) Plaintiffs again "demand adjudication according to the facts, truth, common law, and applicable equity principles." (*Id.* at 2.) Plaintiffs also challenge the authority of magistrate judges to issue binding orders because they are "mere staff officers." (*Id.* at 3.) Plaintiffs demand to see the oath of office of the undersigned Magistrate Judge and argue that "[a]ny individual issuing orders absent a valid oath is an imposter acting in a private capacity[.]"[3] (*Id.* at 4 (emphasis from original removed).)

Finally, in their Strike Demand, Plaintiffs repeat their argument that "[t]his matter is brought in equity," and, thus, "[a]ll statutory jurisdiction is expressly denied and rebutted." (ECF 55 at 1.) Plaintiffs again "demand adjudication according to the facts, truth, common law, and applicable equity principles." (*Id.* at 2.) Plaintiffs add that the OSC "is a fraudulent instrument" and "nothing more than a simulated legal process designed to obstruct justice and protect dishonored Defendants." (*Id.* at 3.)

---

[3] Plaintiffs have sought recusal or disqualification of judicial officers participating in this case in many of their filings. (ECF 11, 24–30, 32, 35, 37, 40, 42, 44–46, 49, 51, 54–55.) Plaintiff Kevin Realworldfare has made similar judicial disqualification requests in other cases before this Court. *See* Case No. 5:25-cv-01900-SSS-DTB, ECF 27 at 4 (prefiling order against Kevin Realworldfare and discussing Mr. Realworldfare's repeated arguments in multiple filings that "all orders issued by this Court are void due to an alleged judicial disqualification").

1    Plaintiffs also argue in their Strike Demand that "Defendant Kai

2    Fan expressly agreed to waiver of service through sworn, unrebutted

3    affidavits entered into the record and attached as Exhibits E through

4    H[,]" and provided Defendant Fan's email address and the email

5    address of Defendant Fan's attorney "for purposes of service." (*Id.* at 9.)

6    Plaintiffs add that "Defendant Tamara L. Wagner likewise agreed to

7    service via USPS mail, which was duly executed, proven, and

8    memorialized in the record." (*Id.* at 10.) Plaintiffs assert that "[b]oth

9    consents and waivers are memorialized in sworn, unrebutted affidavits

10   (Exhibits E–H)[.]" (*Id.* at 12.)

11   Exhibits E–H that Plaintiffs attach to their Strike Demand, are

12   all dated between March 15, and 24, 2025, approximately two months

13   before this action was filed. (*Id.* at 24, 54–57) (Exhibit E dated March

14   15, 2025); (*id.* at 59, 92–95) (Exhibit F dated March 22, 2025); (*id.* at 97,

15   130–33) (Exhibit G dated March 24, 2025); (*id.* at 135, 164–67) (Exhibit

16   H executed on March 22, 2025, indicating service on March 24, 2025).

17   Further, the exhibits each state that "[b]y the doctrine of silent

18   acquiescence and tacit agreement, You/Defendant(s)/Respondent(s)

19   have consented to service of notices, pleadings, and communications via

20   email, and/or USPS Registered Mail, Express Mail, or Certified Mail[]"

21   and "[y]our failure to rebut or object to this service method within the

22   specified timeframe constitutes unequivocal acceptance of service

23   through these means." (*Id.* at 32, 68, 106, 144.) The exhibits also state

24   that if a response is not received within three days of receipt,

25   Defendants must pay $500,000 in restitution, pay $100,000,000 per

26   Invoice #ENHANKAIDISHONOR25, and authorize a $100,000,000

27   judgment and/or commercial lien in favor of Plaintiffs. (*Id.* at 41–44.)

28

1    Plaintiffs conclude their Strike Demand by arguing that "equity

2  overrides procedural technicalities of service[,]" and that "[t]he Court's

3  demand that Plaintiffs 'strictly adhere to the Federal Rules of Civil

4  Procedure' is itself a fraudulent diversion." (*Id.* at 11.)  Plaintiffs also

5  demand that the "fraudulent 'Order to Show Cause' be immediately

6  stricken from the record as void *ab initio*." (*Id.* at 15–16.)

7                                **II**

8    Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f

9  a defendant is not served within 90 days after the complaint is filed, the

10  court—on motion or on its own after notice to the plaintiff—must

11  dismiss the action without prejudice against that defendant or order

12  that service be made within a specified time." Fed. R. Civ. P. 4(m).

13  However, "if the plaintiff shows good cause for the failure, the court

14  must extend the time for service for an appropriate period." *Id.*

15  "[S]ervice of process is the means by which a court asserts its

16  jurisdiction over the person." *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th

17  Cir. 2007).  "Serving a summons or filing a waiver of service establishes

18  personal jurisdiction over a defendant[.]" Fed. R. Civ. P. 4(k).  "A

19  federal court does not have jurisdiction over a defendant unless the

20  defendant has been served properly under [Rule] 4." *Direct Mail*

21  *Specialists, Inc., v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688

22  (9th Cir. 1988).  "[I]n the absence of proper service of process, the

23  district court has no power to render any judgment against the

24  defendant's person or property unless the defendant has consented to

25  jurisdiction or waived the lack of process." *Ross*, 504 F.3d at 1138–39.

26    Proper service of a summons and complaint upon an individual

27  may be effectuated by personally delivering a copy of both to an

28  individual, leaving a copy of both at the individual's dwelling with

someone of suitable age and discretion who resides there, or delivering a copy of both to an agent authorized to receive service.  Fed. R. Civ. P. 4(e)(2).  Service may also be made according to the law of the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(e)(1).  A defendant may also waive service, Fed. R. Civ. P. 4(d), or consent in writing to service "by other electronic means[,]" Fed. R. Civ. P. 5(b)(2)(E).

California, through its Code of Civil Procedure, permits various methods of service upon an individual within the state: personal delivery of a copy of the summons and complaint (Section 415.10); substituted service if personal delivery is not possible with reasonable diligence, including "leaving a copy of the summons and complaint at the person's dwelling house . . . in the presence of a competent member of the household . . . at least 18 years of age, who shall be informed of the contents thereof," and then "mailing a copy of the summons and of the complaint by first-class mail[] . . . to the person to be served at the place where a copy of the summons and complaint were left[]" (Section 415.20(b)); service by first-class mail with an executed acknowledgment of receipt of summons, with service "deemed complete on the date a written acknowledgment . . . is returned to the sender[]" (Section 415.30(c)); and service by publication with court authorization (Section 415.50).  The state also permits service "on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process."  Cal. Civ. Proc. Code § 416.90.

### III

The Court must dismiss the action because Plaintiffs have failed to serve Defendants properly within Rule 4(m)'s 90-day deadline and

1  despite notice of such in the Court's OSC, they have failed to provide
2  good cause for the failure.

3      As Plaintiffs filed suit on May 30, 2025, the 90-day clock ran on
4  August 28, 2025.  No later than that date, Plaintiffs were required to
5  serve a summons and complaint on each of the two defendants.  Fed. R.
6  Civ. P. 4(c)(1).

## A

8      As to Defendant Fan, Plaintiffs make three arguments, which the
9  Court addresses in turn.

10     First, Plaintiffs claim that their multiple attempts at personal
11 service constitute "reasonable diligence" under Sections 415.20–415.30
12 of the California Code of Civil Procedure, made applicable through Rule
13 4(e)(1) of the Federal Rules of Civil Procedure.  (ECF 53 at 3.)  The
14 Court disagrees because, although Plaintiffs correctly assert that
15 service may be made according to California law, *see* Fed. R. Civ. P.
16 4(e)(1), Plaintiffs have not demonstrated that they have done so here.

17     Instead, the Sera Declaration indicates that Mr. Sera, a process
18 server, left business cards and a door hanger memo at Defendant Fan's
19 residence during failed attempts to personally serve Defendant Fan at
20 home, and that Mr. Sera notified Defendant Fan by telephone and
21 email that he was attempting to serve legal documents on Defendant
22 Fan.  (ECF 53 at 14–17.)  These notifications, failed service attempts,
23 and deliveries of business cards and a door hanger memo do not satisfy
24 the service methods permitted by the California Code of Civil Procedure
25 discussed above.  Moreover, the Sera Declaration does not specify which
26 "legal documents" Mr. Sera attempted to serve on Defendant Fan, or to
27 which specific case the documents he attempted to serve were related.
28 (*Id.* at 13.)  Instead, Mr. Sera declares only that he attempted to serve

"legal documents" generally "in two cases: one from the California Court in Riverside and a second from the United States District Court of California." (*Id.* at 13–14.)  A declaration that someone was unsuccessful at serving unspecified legal documents relating to unspecified cases on Defendant Fan does not prove that Defendant Fan was served with the requisite documents in this specific case.  As such, Plaintiffs have not established in their first argument that Plaintiffs perfected service on Defendant Fan.

Second, Plaintiffs claim that Defendant Fan "was contacted and expressly told the papers were legal documents, but intentionally refused acceptance[]" and that his refusal to do so is "legally ineffective." (*Id.* at 3 (citing *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 945 (10th Cir. 1987) ("A defendant cannot defeat service by refusing to accept the papers.")).)  Plaintiffs' argument fails because the case Plaintiffs cite in support of their second argument is not binding authority, is readily distinguishable from the instant case, and is inconsistent with relevant authority in this district.

Specifically, *Nikwei* considered the efficacy of service under Oklahoma law, not California law.  822 F.2d at 943.  Further, *Nikwei* considered evidence that (1) the complaint and summons were delivered to the defendant's residence by certified mail and that either he or his wife refused the service; (2) the defendant tried to avoid service of process; (3) the defendant was on notice of the legal action, leading the defendant to refuse personal service, and (4) the complaint and summons were left at the defendant's usual place of abode with the defendant's wife.  *Id.* at 942–43.  In light of such evidence, *Nikwei* concluded that the defendant failed to present sufficient evidence of insufficient process.  *Id.* at 943.  In the instant action, only business

cards and a door hanger memo were left at Defendant Fan's residence when Mr. Sera's personal service attempts failed, and Mr. Sera contacted Defendant Fan by telephone and email to request Defendant Fan's compliance in being served, but Defendant Fan reportedly declined to meet Mr. Sera to be served. Thus, the facts at issue in *Nikwei* do not aid the Court in determining whether Defendant Fan's actions in response to Mr. Sera's service attempts resulted in Plaintiffs perfecting service on Defendant Fan because the facts in *Nikwei* are not analogous to this case.

Moreover, "[w]hile it may seem ostensibly sound to find that service has been accomplished where plaintiffs have made multiple efforts to serve, the defendant had notice, and the defendant intentionally evaded service, neither California nor Ninth Circuit case law supports that position." *Stormwater Sys., Inc. v. Reitmeyer*, No. 2:14-cv-02472-MCE-CKD, 2015 WL 966279, at *7 (E.D. Cal. Mar. 4, 2015). In this jurisdiction, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." *Travelers Cas. and Sur. Co. of America v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). Service has been deemed sufficient in this jurisdiction "where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in *placement of the summons and complaint within the defendant's immediate proximity* and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service." *Id.* at 1136 (emphasis added); *see also Miller v. Four Peaks Logistics, LLC*, No. CV-23-01976-PHX-DWL, 2023 WL 7301870, at *3 (D. Ariz. Nov. 6, 2023) (observing that "the 'close

1    proximity' of the defendant and direct communication with him were

2    key facts in [*Travelers*].") (quoting *Travelers*, 551 F.3d at 1136).

3    　　　In the present case, Mr. Sera left only business cards and a door

4    hanger memo at Defendant Fan's house, and not the summons and

5    complaint.  Moreover, there is no indication that Mr. Sera left these

6    alternative items in Defendant Fan's immediate physical presence, as

7    was a key factor in *Travelers*.  Because neither the authority Plaintiffs

8    cite nor the authority the Court found and discussed above supports

9    Plaintiffs' second argument that Defendant Fan's allegedly evasive

10   actions amounted to Defendant Fan being served, Plaintiffs have again

11   failed to demonstrate that they perfected service on Defendant Fan.

12   　　　Third, Plaintiffs assert that because Defendant Fan purportedly

13   expressly agreed to service by mail or electronic means and provided

14   email addresses, electronic service constitutes constructive receipt and

15   "binding waiver, perfected service, and indisputable notice as a matter

16   of law and contract."  (ECF 53 at 3–4; ECF 55 at 3.)  Plaintiffs' third

17   argument hinges on Plaintiffs' assertion that Defendant Fan consented

18   to electronic service as purportedly shown by Exhibits E–H attached to

19   Plaintiffs' Strike Demand.  These exhibits, however, do not demonstrate

20   that any defendant in this case waived service or consented to electronic

21   or postal service as Plaintiffs assert.

22   　　　For example, Exhibits E–H contain notices dated throughout

23   March 2025 and, thus, the notices predate this case that was filed on

24   May 30, 2025, by more than two months.  (ECF 1; ECF 55 at 24, 54–57,

25   59, 92–95, 97, 130–33, 135, 164–67.)  Moreover, the notices contained in

26   Exhibits E–H do not reference this case.  Consequently, Exhibits E–H

27   do not persuasively demonstrate that Defendants waived service of

28   process or agreed to electronic or postal service as Plaintiffs claim

because the notices contained in these exhibits predate this litigation by two months and make no reference to this case.

Additionally, the Court is not persuaded that a "binding contract" (ECF 53 at 6) was created between the parties by Defendants' "silent acquiescence, tacit agreement, and tacit procuration[,]" (ECF 55 at 32, 68, 106, 144), as Plaintiffs claim, simply because Defendants did not respond to the notices Plaintiffs include in Exhibits E–H. Thus, Plaintiffs' argument that Defendants waived service, or agreed to accept electronic or postal service in this case through a binding contract formed by silent acquiescence fails. Moreover, Plaintiffs did not indicate in their filings when Defendant Fan was purportedly served by email, nor which specific documents were purportedly served on Defendant Fan through email.[4]

As such, Plaintiffs' third argument that service was perfected on Defendant Fan through electronic transmittal of the requisite documents in this case fails. Accordingly, Plaintiffs have not demonstrated that they perfected service on Defendant Fan in any of the documents they filed in response to the Court's OSC.

---

[4] While the Sera Declaration indicates that an email was sent to Kai Fan on June 16, 2025 at 3:13 p.m., with the subject "Digital Service Documents for Kevin Realworldfare v. Kai Fan," the email requests Defendant Fan to "meet our firm" so "we can serve you via email." (ECF 53 at 15.) The implication is that Plaintiffs were still trying to effect service on Defendant Fan at the time of the June 16 email. An unspecified "Documents Summons and Complaint" and an acknowledgment and waiver may have been attached to the June 16 email, but the email indicates that Defendant Fan did not download the documents and sign the acknowledgment and waiver. (*Id.*)

**B**

As to Defendant Wagner, Plaintiffs claim to have effected service by USPS certified and registered mail (ECF 53 at 4), and further that Defendant Wagner "agreed to service by USPS mail, which was executed, proven, and memorialized in the record[]" in accord with Fed. R. Civ. P. 4(d) (ECF 55 at 4). As discussed above, however, Plaintiffs have not demonstrated that Defendants waived service or agreed to electronic or postal service. Absent an agreement to be served by mail, as is the case here, service by mail is only effective in California, through its Code of Civil Procedure, if Plaintiffs *also* either: (1) left a copy of the summons and complaint at Defendant Wagner's house with a competent member of the household that is at least 18 years of age, who was informed of the contents of the documents served, (Section 415.20(b)); or (2) mailed two copies of a notice and acknowledgment with a return envelope, and the acknowledgement is returned to the sender (Section 415.30). Plaintiffs have not demonstrated, nor alleged, that they performed either of these additional steps when serving Defendant Wagner by mail. Consequently, Plaintiffs have not demonstrated that they perfected service on Defendant Wagner.[5]

---

[5] In addition, Plaintiffs' allegations against Defendant Wagner stem from the judge's rulings in state proceedings. (ECF at 4–6.) The judges, commissioners, and court staff assisting them are immune from suits arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Bradley v. Fisher*, 80 U.S. 335, 346–47 (1872). This is true even though Plaintiff includes conclusory statements of judicial abuse and legal error (*e.g.*, ECF 1 at 5). *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). "A judge will not be deprived of immunity because the action he took was

***

Accordingly, Plaintiffs have not demonstrated that either Defendant was served timely in this case as ordered in the OSC.  As such, the Court must determine whether Plaintiffs have shown good cause for their failure to serve Defendants within the 90-day timeframe contemplated by Rule 4(m).

## C

To determine whether to extend the time period to serve a complaint, Rule 4(m) necessitates a two-step analysis.  *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  First, a court must extend the time period for service upon a showing of good cause for the defective service.  *See id.*  Second, if good cause is lacking, a court has discretion to dismiss without prejudice or extend the time period. *See id.*  The following factors may be required to show good cause for the defective service: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  *Id.*

Further, "[g]ood cause for extending the Rule 4(m) period may exist if a defendant is evading service."  *See Toledano v. Marconi*, Case No. 8:22-cv-01331-MWF (AMF), 2023 WL 4680779, at *16 (C.D. Cal. Mar. 20, 2023) (collecting cases for the proposition that evading service can be good cause for extending the Rule 4(m) service period).  However, failure to seek an extension of time before the expiration of the Rule

_____

in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (quoting *Stump*, 435 U.S. at 356–57) (cleaned up)).  Thus, even had Plaintiffs effectuated proper service, Defendant Wagner is immune from suit.

4(m) period "may indicate lack of good cause."  *Id.* (quoting *Klein v. Kim*, No. 2:08-cv-01475-LDG (LRL), 2009 WL 1954637, at *1 (D. Nev. Mar. 30, 2009).

Here, Plaintiffs have not shown good cause for the service defects identified in the Court's OSC issued on August 25, 2025.  Specifically, Plaintiffs were ordered to explain how they served the summonses on Defendants on May 29, 2025, when they were not issued until the following day on May 30, 2025.  (ECF 52 at 3.)  Plaintiffs provided no explanation for this discrepancy in the nearly 400 pages of documents they filed in response to the OSC.  Because Plaintiffs have filed hundreds of pages of documents in response to the OSC that did not explain the defects in their original proof of service, there is no reason to believe that allowing Plaintiffs more time to file additional documents will lead to a different conclusion.

Moreover, the additional service attempts outlined in Plaintiffs' lengthy responses to the Court's OSC do not provide good cause to extend the time for Plaintiffs to prove they perfected service on Defendants.  For example, Plaintiffs did not establish that Defendants waived service or agreed to be served by mail or other electronic means for the reasons discussed above.  Therefore, granting Plaintiffs additional time to attempt service through these means again would not be helpful because any such service attempt would be futile.

Further, Mr. Sera attempted service on Defendant Fan only.  Therefore, nothing in Mr. Sera's Declaration provides good cause to extend the service period for Defendant Wagner.  Also, the Sera Declaration does not make clear which specific documents Mr. Sera was attempting to serve on Defendant Fan, nor for which specific case he was serving those documents.  However, even assuming Mr. Sera

1   attempted to serve Defendant Fan with the requisite documents in this

2   case, his failed efforts took place in June, which left Plaintiffs ample

3   time to seek an extension of time to serve Defendants before the August

4   28, 2025, Rule 4(m) period ran.  (ECF 53 at 13–17.)  Plaintiffs, however,

5   did not seek any such extension of time in the months following Mr.

6   Sera's failed service attempts.

7           Consequently, although Defendant Fan's purported evasion of

8   service weighs in Plaintiffs' favor, *see Toledano*, 2023 WL 4680779, at

9   *16, Plaintiffs' failure to seek an extension of time to perfect service in

10  the roughly two months between Mr. Sera's failed service attempts in

11  June 2025, and the Rule 4(m) period running on August 28, 2025,

12  indicates a lack of good cause to extend Plaintiffs' time to perfect

13  service, *see id.*; *Klein*, 2009 WL 1954637, at *1.  Accordingly, under the

14  facts of this case where: (1) Plaintiffs' service attempts failed at the

15  beginning of the Rule 4(m) period and Plaintiffs did not seek an

16  extension of time at any point thereafter; (2) Plaintiffs have already had

17  an opportunity to explain their service deficiencies and, in the nearly

18  400 pages of responsive documents they filed, they have failed to do so;

19  (3) it is not clear that the documents Defendant Fan was being served

20  when service was  purportedly evaded  were  related to this case; and

21  (4) Plaintiffs have not established in lengthy filings that Defendants

22  received actual notice of this lawsuit, Defendants would not be

23  prejudiced, and Plaintiffs would suffer severe prejudice if the complaint

24  were dismissed, *In re Sheehan*, 253 F.3d at 512, the Court should

25  decline to extend the service period under Rule 4(m) of the Federal

26  Rules of Civil Procedure and, instead, dismiss this case without

27  prejudice under Rule 4(m) for Plaintiffs' failure to serve Defendants.

28

**IV**

In addition to Rule 4(m), Rule 41(b) grants the Court the ability to dismiss this action for failure to prosecute and to comply with Court orders.  This includes a plaintiff's failure to serve timely process.  *See Nealey v. Transportación Maritima Mexicana, S.A.*, 662 F.2d 1275, 1278 (9th Cir. 1980) (noting that "[w]ithout question, a plaintiff's failure to serve process in a timely manner may in some cases amount to a failure to prosecute, and a district court may dismiss an action on this ground, Fed. R. Civ. P. 41(b)[]") (internal citation and footnote omitted); *see also Escalante v. County of Los Angeles*, Case No. 2:22-CV-02590-MRA-KES, 2024 WL 5717974, at *4 (C.D. Cal. May 21, 2024) (noting that "[a]lthough Rule 4(m) governs the deadline for service of pleadings, '[w]ithout question, a plaintiff's failure to serve process in a timely manner may in some cases amount to a failure to prosecute, and a district court may dismiss an action on this ground [with prejudice under] Fed. R. Civ. P. 41(b)[]'") (quoting *Nealey*, 662 F.2d at 1278 (footnote and internal citation omitted)); *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (finding that failure to timely perfect service "is a particularly serious failure to prosecute because it affects all the defendant's preparations[]"); *Kulick v. Murchie*, No. 24-4384, 2025 WL 602947, at *1 (unpublished) (9th Cir. Feb. 25, 2025) (affirming dismissal of the case without prejudice where the plaintiff failed to comply with an order to show cause why the case should not be dismissed for failure to show proper service or good cause to extend time to perfect service) (citing Fed. R. Civ. P. 41(b)) (other citations omitted).

1

## A

2    District courts have *sua sponte* authority to dismiss actions under

3 Rule 41(b) of the Federal Rules of Civil Procedure for failure to

4 prosecute or to comply with court orders.  *See Link v. Wabash R.R. Co.*,

5 370 U.S. 626, 633 (1962) (recognizing that a district court may,

6 consistently with Rule 41(b), dismiss an action *sua sponte* for failure to

7 prosecute); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d

8 683, 689 (9th Cir. 2005) (agreeing with its sister circuits that courts

9 may dismiss actions *sua sponte* under Rule 41(b) for failure to prosecute

10 or comply with court orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260

11 (9th Cir. 1992) (affirming district court's dismissal of action *sua sponte*

12 under Rule 41(b) for failure to comply with court's order).

13    In deciding whether to dismiss for failure to prosecute or comply

14 with court orders, a district court must consider five factors: "(1) the

15 public's interest in expeditious resolution of litigation; (2) the court's

16 need to manage its docket; (3) the risk of prejudice to the defendants; (4)

17 the public policy favoring disposition of cases on their merits; and (5)

18 the availability of less drastic sanctions."  *Henderson v. Duncan*, 779

19 F.2d 1421, 1423 (9th Cir. 1986).  "Dismissal is appropriate where at

20 least four factors support dismissal, or where at least three factors

21 strongly support dismissal."  *Neal v. Reslan*, No. CV 19-09291 PA (ASx),

22 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting *Hernandez v.

23 City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)) (cleaned up).  In a

24 case involving *sua sponte* dismissal, however, the fifth *Henderson* factor

25 regarding the availability of less drastic sanctions warrants special

26 focus.  *Hernandez*, 138 F.3d at 399.

27

28

1                                    **B**

2          Here, the first two factors—public interest in expeditious

3   resolution of litigation and the Court's need to manage its docket—

4   weigh in favor of dismissal.  Despite being warned in the OSC that the

5   case would be dismissed if Plaintiffs failed to explain how Defendants

6   were served with a summons that was not issued by the Court until the

7   following day, Plaintiffs have failed to do so.

8          Instead, Plaintiffs filed three documents totaling nearly 400

9   pages, arguing, in sum, that: (1) "statutory jurisdiction is expressly

10  denied and rebutted" (ECF 53 at 1; ECF 54 at 1; ECF 55 at 1); (2) "[t]he

11  Court's demand that Plaintiffs 'strictly adhere to the Federal Rules of

12  Civil Procedure' is itself a fraudulent diversion[]" (ECF 55 at 11); (3)

13  Defendants waived service by mail and/or electronic means (ECF 53 at

14  3), through a "binding contract" (*id.* at 6), that was created by  "silent

15  acquiescence, tacit agreement, and tacit procuration[,]" (ECF 55 at 32,

16  68, 106, 144), when Defendants did not respond to notices Plaintiffs

17  sent to Defendants more than two months before this action was filed;

18  (4) Mr. Sera attempted to serve "legal documents" relating to two

19  unspecified state and federal cases on Defendant Fan throughout June

20  2025 (ECF 53 at 13); and (5) magistrate judges do not have authority to

21  issue binding orders because they are "mere staff officers" (ECF 54 at 3)

22  and, thus, the OSC "is a fraudulent instrument" and "designed to

23  obstruct justice and protect dishonored Defendants[]" (ECF 55 at 3).

24  None of Plaintiffs' arguments, however, demonstrate that Plaintiffs

25  served the summonses on Defendants, when or how, or that Defendants

26  waived service of process in this case, as discussed above.

27         Similarly, the Sera Declaration fails to prove that Defendants

28  were served because Mr. Sera does not specify which "legal documents"

                                    20

1   he attempted to serve, or to which specific case the documents he
2   attempted to serve were related, as discussed above.  (ECF 53 at 13.)

3          And perhaps more confusing to the Court, is why Plaintiffs were
4   attempting to serve legal documents in this case throughout June 2025
5   when, according to the proof of service imbedded in Plaintiffs'
6   complaint, Defendants had purportedly been served with all necessary
7   documents on May 29, 2025, including the summonses that were issued
8   the following day on May 30, 2025.  Nothing in Plaintiffs' responsive
9   filings to the Court's OSC has brought the Court any closer to
10  answering this question or concluding that service was perfected on
11  Defendants.

12         Plaintiffs' failure to prosecute this case by filing a valid proof of
13  service, or to follow Court orders by explaining how the previously filed
14  proof of service is accurate, is causing unreasonable delay and halting
15  the Court's management of the docket.  Consequently, the first two
16  factors weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191
17  F.3d 983, 990 (9th Cir. 1999) (finding the district court did not abuse its
18  discretion by dismissing the case with prejudice where the district court
19  found that "Plaintiffs' noncompliance has caused the action to come to a
20  complete halt, thereby allowing Plaintiffs to control the pace of the
21  docket rather than the Court"); *see also Carey v. King*, 856 F.2d 1439,
22  1441 (9th Cir. 1988) (per curiam) ("It would be absurd to require the
23  district court to hold a case in abeyance indefinitely just because it is
24  unable, through the plaintiff's own fault, to contact the plaintiff to
25  determine if his reasons for not prosecuting his lawsuit are reasonable
26  or not.").

27         The third factor—prejudice to Defendants—also weighs in favor of
28  dismissal.  A rebuttable presumption of prejudice to a defendant arises

when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Here, Plaintiffs were given an opportunity to prove that they perfected service on Defendants by explaining how they served the summonses on Defendants the day before they were issued by the Court. Plaintiffs, however, failed to do so in their lengthy responses to the Court's OSC. Further, more than 90 days have passed since Plaintiffs began this litigation and Plaintiffs still have not demonstrated that they perfected service on Defendants.

As such, because Plaintiffs claim to have alerted Defendant Fan of "legal documents" that needed to be served through their various failed service attempts, but Plaintiffs have not timely served Defendants with the requisite documents in this litigation to enable Defendants to defend Plaintiffs' claims in this case, the "prejudice" element favors dismissal.

The fourth factor—the public policy favoring resolution on the merits—ordinarily weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). It is, however, "the responsibility of the moving party to move [the case] towards [] disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Here, Plaintiffs filed nearly 400 pages in response to the Court's OSC, but have failed to explain how Defendants were served with the summonses the day before they were issued by the Court, or at any time thereafter. It does not appear that retention of this case would increase the likelihood of the case being resolved on the merits at a reasonable pace and free from dilatory and evasive tactics. As such, this factor weighs in favor of dismissal.

1      The fifth factor—availability of less drastic sanctions—also weighs

2  in favor of dismissal.  The Court attempted to avoid dismissal by

3  ordering Plaintiffs to show cause why the case should not be dismissed

4  for failure to properly serve Defendants.  Rather than provide any cause

5  or explanation for the failure, Plaintiffs have insisted (erroneously) that

6  service is complete.  Thus, the Court attempted the only meaningful

7  alternative to dismissal at its disposal but found that it was not

8  effective.  *See Henderson*, 779 F.2d at 1424 ("The district court need not

9  exhaust every sanction short of dismissal before finally dismissing a

10  case, but must explore possible and meaningful alternatives.").

11      Further, the Court could not find any evidence that Plaintiffs

12  perfected service on Defendants in Plaintiffs' voluminous responses to

13  the Court's OSC, and it is not the task of the Court to find evidence not

14  presented by the parties, or to develop poorly reasoned claims in briefs.

15  *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (declining to

16  "manufacture arguments for an appellant[]" because "[j]udges are not

17  like pigs, hunting for truffles buried in briefs[]" (citation and internal

18  quotation marks omitted)); *see also Zackaria v. Wal-Mart Stores, Inc.*,

19  No. ED CV 12-1520 FMO (SPx), 2014 WL 11398759, at *3 (C.D. Cal.

20  Feb. 21, 2014) ("It is not the task of the court . . . to excavate masses of

21  papers in search of revealing tidbits—not only because the rules of

22  procedure place the burden on the litigants, but also because [its] time

23  is scarce." (citation and internal quotation marks omitted)).

24  Accordingly, the fifth factor weighs in favor of dismissal.

25      Because all five factors support dismissal and none weigh against,

26  dismissal for failure to prosecute and follow court orders is appropriate.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## RECOMMENDATION

For the reasons above, IT IS RECOMMENDED that the district judge issue an Order: (1) accepting and adopting this Report and Recommendation; (2) dismissing this case without prejudice; and (3) denying all pending motions (ECF 34, 35, 37, 40, 42, 43, 50) as moot.

DATED: September 23, 2025

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE